UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CODY RAY CASKEY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SOUTH DAKOTA STATE PENITENTIARY, WARDEN DOOLEY, DR. ADAMS,<br><br>　　　　　Defendants. | 4:17-CV-04070-KES<br><br>ORDER GRANTING LEAVE TO AMEND |

## INTRODUCTION

Plaintiff, Cody Ray Caskey, is an inmate at the South Dakota State Penitentiary in Sioux Falls. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. The court has now screened Caskey's complaint under 28 U.S.C. § 1915A, and for the reasons stated below, grants him leave to amend his complaint.

## FACTUAL BACKGROUND

Caskey alleges that he requested "hormonal replacement" and defendants told him he "would not be prescribed hormones" because he did not have medical records showing he had received this treatment in the past. Docket 1 at 4. He alleges that this denial negatively affected his mental health. *Id.* He alleges that Dr. Adams denied his requested treatment, and Warden Dooley "signed grievances refusing to allow" the treatment. *Id.* at 2.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

**DISCUSSION**

Caskey alleges that defendants violated his Eighth Amendment rights by denying him hormone-replacement therapy. "A prima facie case alleging . . . deliberate indifference requires the inmate-plaintiff to demonstrate that [he] suffered from an objectively serious medical need and that prison officials actually knew of, but deliberately disregarded, that need." *Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015) (citation omitted).

Reid, the prisoner plaintiff, sought hormone-replacement therapy and raised claims similar to Caskey's. *Id.* The Eighth Circuit Court of Appeals upheld the district court's grant of summary judgment because Reid did not establish that the defendants' conduct constituted deliberate indifference. *Id.* Although *Reid* was decided under the summary judgment standard not applicable here, the court found that because Reid was evaluated by mental health professionals and not diagnosed with gender identity disorder nor denied treatment completely, her allegations amounted to a mere disagreement over diagnoses and treatment decisions and were therefore not actionable under § 1983. *Id.* The court stated that Reid was not entitled to hormone-replacement therapy under the law. *Id.* at 1193.

The crux of *Reid* was whether the plaintiff alleged denial of treatment or mere disagreement with a medical professional's diagnosis or treatment decision. Other district courts in the Eighth Circuit decide claims based on this determination. *Compare Derx v. Kelley*, No. 5:17CV00040-JM-JJV, 2017 WL 2874627, at *4 (E.D. Ark. June 19, 2017), *report and recommendation*

3

*adopted*, No. 5:17CV00040-JM, 2017 WL 2874314 (E.D. Ark. July 5, 2017) (dismissing claims when prisoner was treated but disagreed with the doctors' decision to deny hormone therapy specifically), *with Brown v. Dep't of Health & Human Servs.*, No. 8:16CV569, 2017 WL 944191, at *4 (D. Neb. Mar. 9, 2017) (finding that plaintiff may state a claim by "generally allege[ing] that she suffer[ed] from an objectively serious medical need" because defendants "refused evaluation and treatment for [her] condition").

Here, Caskey fails to state a claim. He merely alleges that defendants denied him hormone-replacement therapy. He does not allege that defendants denied him all treatment or that defendants denied him hormone-replacement therapy without evaluation as in *Brown*. His complaint is also silent as to whether defendants treated him in any way as plaintiffs in *Reid* and *Derx* were treated. Caskey fails to state a claim, but this may be because his complaint merely does not contain all of the facts of the matter and he is proceeding pro se. Therefore, the court will grant him leave to amend his complaint.

Thus, it is

ORDERED that Caskey shall amend his complaint by August 28, 2017, if he wishes to proceed. If he fails to do so, his complaint will be dismissed.

Dated July 27, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE