UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CODY RAY CASKEY,<br><br>  Plaintiff,<br><br>  vs.<br><br>SOUTH DAKOTA STATE PENITENTIARY; WARDEN DOOLEY, in his individual and official capacity; DR. ADAMS, in his individual and official capacity; DEPARTMENT OF HEALTH; and JANE and JOHN DOE.<br><br>  Defendants. | 4:17-CV-04070-KES<br><br>ORDER DIRECTING SERVICE IN PART AND DISMISSING COMPLAINT IN PART |

## INTRODUCTION

Plaintiff, Cody Ray Caskey, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. The court screened Caskey's complaint under 28 U.S.C. § 1915A and granted him leave to amend his complaint. Docket 8. Caskey now moves to amend his Complaint and add additional defendants. The court has now screened Caskey's proposed amended complaint (Docket 10) under 28 U.S.C. § 1915A. The court dismisses his complaint in part and directs service in part.

## FACTUAL BACKGROUND

Caskey alleges that he has "taken Testosterone Blockers (spironolactone 25 mg) and estrogen pills (Prem[a]rin 1.25)" since he was fourteen years old.

Docket 10 at 1. Caskey alleges he began by taking his mother's estrogen pills. *Id.* And when he was old enough, he began ordering medications online under either his female alias, Kasey Rene, or his biological name, Cody Caskey. Caskey alleges that he medicated himself for years. *Id.* This protocol helped him feel comfortable in his body. *Id.*

Caskey alleges that he has now been off hormones for five years, and that he suffers severe suicidal tendencies and severe headaches. *Id.* Caskey repeatedly reported these symptoms to Medical. *Id.*

Caskey alleges that his gender dysphoria is well documented. *Id.* at 2. But it was only recently acknowledged and has not yet been treated. *Id.* Caskey alleges that the SDSP makes no attempt to treat his gender dysphoria and that this lack of treatment causes his suicidal tendencies, including his suicide attempts. *Id.*

Caskey claims that Dr. Adams initially denied Caskey "continuation of hormonal therapy because I was unable to provide medical records[.]" *Id.* at 3. Caskey alleges that Dr. Adams is aware of the gender dysphoria and symptoms, but Dr. Adams does nothing. *Id.* After this lawsuit was filed, Dr. Adams recommended that Caskey see an endocrinologist. *Id.* The Department of Health denied the request. *Id.* at 1. And now the request is being reviewed by the Medical Director. *Id.* Caskey alleges that this is only an attempt by defendants to buy time. *Id.*

Caskey alleges that the Department of Health "is responsible for the actions of all their staff, including Dr. Adams and … the medical director[.]"

*Id.* at 3. Additionally the Department of Health denied Caskey an appointment with an endocrinologist for his gender dysphoria. *Id.*

Caskey alleges that "Warden Dooley has retaliated against him because of [Warden Dooley's] relationship with Dennis Lauseng, a former captain for SDSP," who Caskey previously sued. *Id.* at 2. And Caskey alleges that Warden Dooley is "responsible for his staff and their actions against [Caskey]." *Id.* at 3. Caskey alleges that Warden Dooley denied Caskey's grievances regarding his hormone therapy and denied Caskey an appointment with an endocrinologist. *Id.*

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of

3

a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

**DISCUSSION**

**I. Amended Complaint**

Caskey filed a complaint (Docket 1) and a proposed amended complaint (Docket 10). The complaint includes a request for relief but the amended complaint fails to request relief. Caskey may have intended that his amended complaint supplement, rather than supplant his initial complaint. Thus, the court construes these together as constituting Caskey's complaint. *Kirr v. N.D. Pub. Health*, 651 Fed.Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint as plaintiff's complaint).

**II. Eighth Amendment**

Caskey claims that defendants violated his Eighth Amendment rights by denying him treatment for gender dysphoria, including but not limited to hormone-replacement therapy and an appointment with an endocrinologist. "A prima facie case alleging . . . deliberate indifference requires the inmate-

4

plaintiff to demonstrate that [he] suffered from an objectively serious medical need and that prison officials actually knew of, but deliberately disregarded, that need." *Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015) (citation omitted).

Reid, the prisoner plaintiff, sought hormone-replacement therapy and raised claims similar to Caskey's. *Id.* The Eighth Circuit Court of Appeals upheld the district court's grant of summary judgment because Reid did not establish that the defendants' conduct constituted deliberate indifference. *Id.* Although *Reid* was decided under the summary judgment standard not applicable here, the court found that because Reid was evaluated by mental health professionals and was not diagnosed with gender identity disorder nor denied treatment completely, her allegations amounted to a mere disagreement over diagnoses and treatment decisions and were therefore not actionable under § 1983. *Id.* The court stated that Reid was not entitled to hormone-replacement therapy under the law. *Id.* at 1193.

The crux of *Reid* was whether the plaintiff alleged denial of treatment or mere disagreement with a medical professional's diagnosis or treatment decision. Other district courts in the Eighth Circuit have decided claims based on this same determination. *Compare Derx v. Kelley*, No. 5:17CV00040-JM-JJV, 2017 WL 2874627, at *4 (E.D. Ark. June 19, 2017), *report and recommendation adopted*, No. 5:17CV00040-JM, 2017 WL 2874314 (E.D. Ark. July 5, 2017) (dismissing claims when prisoner was treated but disagreed with the doctors' decision to deny hormone therapy specifically), *with Brown v.*

5

*Dep't of Health & Human Servs.*, No. 8:16CV569, 2017 WL 944191, at *4 (D. Neb. Mar. 9, 2017) (finding that plaintiff may state a claim by "generally allege[ing] that she suffer[ed] from an objectively serious medical need" because defendants "refused evaluation and treatment for [her] condition").

Here, Caskey claims Dr. Adams and Warden Dooley denied him treatment for his gender dysphoria. He does not merely allege that defendants denied him hormone-replacement therapy. Caskey alleges, "I have well documented Gender Dysphoria that has only recently been acknowledged and it has yet to be treated." Docket 10 at 2. Thus, Caskey's Eighth Amendment claim against Dr. Adams and Warden Dooley survives screening.

### III. Retaliation

Caskey claims that Warden Dooley violated his First Amendment rights by denying him treatment for gender dysphoria in retaliation for a previous lawsuit. To state a claim for retaliation in violation of the First Amendment, Caskey "must 'show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity.' " *Spencer v. Jackson Cty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

Caskey alleges that he filed and settled a civil case, CIV:14-4010, against Dennis Lauseng, "a former captain for SDSP." Docket 10 at 3. The filing of an inmate lawsuit is protected activity. *Lewis v. Jacks*, 486 F.3d 1025,

1029 (8th Cir. 2007). Caskey alleges that Warden Dooley and his staff rejected Caskey's requests for hormone therapy and an appointment to see an endocrinologist. Docket 10 at 3. The denial of medical attention would chill a person of ordinary firmness from continuing in a protected activity. Caskey also alleges that Warden Dooley's denials were in retaliation for filing his civil complaint. Therefore, Caskey states a retaliation claim against Warden Dooley that survives screening.

**IV. Defendants**

    **a. SDSP and South Dakota Department of Health**

Caskey fails to state a claim against the SDSP and the South Dakota Department of Health. The Supreme Court has explained that Congress, in passing 42 U.S.C. § 1983, did not abrogate states' Eleventh Amendment immunity from suit in federal court. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 65 (1989) (citations omitted). "Eleventh Amendment immunity extends to states and 'arms' of the state[.]" *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) (citation omitted). Thus, Caskey's claims against the SDSP and the Department of Health, state entities, are barred by the Eleventh Amendment.

    **b. Jane and John Doe**

Caskey seeks to add Jane and John Does "[f]or those names and actions I am [unaware] of at this time." Docket 10 at 3. Caskey makes no factual allegations and states no cause of action against Jane and John Does.

7

Therefore, Caskey fails to state a claim upon which relief may be granted. Jane and John Does are dismissed.

Thus, it is ORDERED

1. Caskey's motion to amend (Docket 9) is granted.

2. Caskey fails to state a claim upon which relief may be granted against South Dakota State Penitentiary, South Dakota Department of Health, and Jane and John Does and they are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3. The remainder of Caskey's claims survive screening under 28 U.S.C. § 1915A.

4. The Clerk shall send blank summons forms to Caskey so he may cause the summons and complaint to be served upon the remaining defendants.

5. Caskey shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses. If the completed summonses and USM-285 forms are not submitted as directed, the complaint may be dismissed.

6. The United States Marshal shall serve a copy of the complaint (Docket 1), amended complaint (Docket 10), Summons, and this Order upon defendants as directed by Caskey. All costs of service shall be advanced by the United States.

7. Defendants will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days following the date

of service or 60 days if the Defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

8. Caskey will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

9. Caskey will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated November 9, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE