UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CODY RAY CASKEY,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; WARDEN DOOLEY, WARDEN AT MIKE DURFEE STATE PENITENTIARY; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DR. ADAMS, PHYSICIAN AT SOUTH DAKOTA STATE PENITENTIARY; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JANE DOES, JOHN DOES, DEPARTMENT OF HEALTH,<br><br>Defendants. | 4:17-CV-04070-KES<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>Docket Nos. 14 & 36 |

This matter is before the court on the *pro se* complaint of plaintiff Cody Caskey, an inmate at the South Dakota State Penitentiary (SDSP). Mr. Caskey has filed two motions seeking court-appointed counsel. See Docket Nos. 14 and 36.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995). The factors relevant to evaluating a request for

appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).

This case is not factually complex. Plaintiff alleges defendants are denying him treatment for gender dysphoria in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. He also alleges defendants are retaliating against him for successfully pursuing a prior lawsuit against a corrections officer who was allegedly a friend of the current warden at the SDSP. See Caskey v. South Dakota State Penitentiary, Civ. No. 14-4010 (D.S.D.). In screening Mr. Caskey's complaint, the district court set forth the applicable law. See Docket No. 11.

This case is not legally complex. The law regarding plaintiff's Eighth Amendment claim is well-settled, and requires that plaintiff "prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quotation marks and citation omitted). The law further provides that "[d]eliberate indifference may be demonstrated by prison guards who

intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Estelle v. Gamble, 429 U.S. 97, 104-06 (1976)).

The law regarding retaliation is likewise well defined. "A prisoner's Eighth Amendment rights are violated if prison officials 'impose a disciplinary sanction against a prisoner in retaliation for the prisoner's exercise of his constitutional right.'" Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007). See also Haynes v. Stephenson, 588 F.3d 1152, 115 (8th Cir. 2009). A *prima facie* case of retaliatory discipline requires a plaintiff to show (1) that he exercised a constitutionally protected right, (2) that he was subsequently disciplined by prison officials, and (3) the motive for imposing the discipline was the exercise of the constitutional right. Id.

To prevail on a claim of retaliation for violation of a First Amendment right, the plaintiff must show (1) that he engaged in a protected activity, (2) that the government defendant took adverse action against the plaintiff that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013).

The third element of the *prima facie* case requires the plaintiff to show that, "but for" the retaliatory motive, the disciplinary action would not have been taken. Haynes, 588 F.3d at 1156. The "but for" test applies to the

3

defendants' motive, not to causation.  Beaulieu v. Ludeman, 690 F.3d 1017, 1025 (8th Cir. 2012).

Like all individuals untrained in the law, plaintiff may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter.  The court would not benefit from the assistance of counsel at this point in the proceedings.  Plaintiff, although incarcerated, is able to investigate the facts of his claim.  It is not clear at the present time whether there will be conflicting testimony in this case.  The legal issues involved do not appear to be legally complex at this point in the proceedings.  Finally, Mr. Caskey more than adequately represented himself in his prior litigation filed in 2014.  He defended his case from a motion to dismiss and obtained a settlement from defendants.  Considering all the relevant factors, as discussed above, and upon the record to-date, it is hereby

ORDERED that plaintiff's motions for appointment of counsel [Docket Nos. 14 & 36] are denied without prejudice.

DATED this 20th day of March, 2018.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge